**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**EDWARD M. LILLY,**

                                        **Plaintiff,**                              **19-CV-176V(Sr)**

**v.**

**JEFFERY SWICK,**

**JAMES ULLERY,**

**DANIEL TRAPASSO,**

**BRANDON M. HALL,**

**TOWN OF LEWISTON,**

**DAVID M. HEIM, and**

**TOWN OF WHEATFIELD,**

                                        **Defendants.**

_____

## REPORT, RECOMMENDATION AND ORDER

        This case was referred to the undersigned by the Hon. Lawrence J.

Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

upon dispositive motions.  Dkt. #19.  It is currently assigned to the Hon. John L. Sinatra.

Dkt. #27.


        Currently before the Court are defendants' motions to dismiss (Dkt. ##2 &

18), and plaintiff's motion for an extension of time to effect proper service. Dkt. #25.

For the following reasons, it is recommended that defendants' motions be granted and

plaintiff's motion be denied.

**FACTUAL BACKGROUND**

Plaintiff alleges that his family has been targeted with police misconduct by law enforcement officers from the New York State Police and Lewiston Police Department since November, 2007, resulting in multiple civil lawsuits: 11-CV-540 (summary judgment awarded to defendant law enforcement officer on grounds of qualified immunity); 14-CV-1 (dismissed as barred by the statute of limitations); 15-CV-874 (dismissed upon stipulation of the parties following recommendation that summary judgment be awarded to defendant law enforcement officer); 16-CV-242 (summary judgment motion pending on First Amendment retaliation claim relating to incident on March 24, 2013); 17-CV-959 (jury trial scheduled for malicious prosecution and First Amendment retaliation claim by plaintiff's brother-in-law, Thomas Smith); 18-CV-2 (summary judgment granted dismissing complaint of unlawful vehicle stop by plaintiff's son, David Lilly); 18-CV-1069 (dismissing complaint by plaintiff's brother-in-law, Thomas Smith, alleging ongoing harassment). Dkt. #1, ¶¶ 17-47.

In this action, plaintiff alleges that, on February 7, 2016, less than two months after filing a Notice of Claim against Town of Lewiston Police Officer Jeffrey Swick ("PO Swick"), plaintiff "pulled over for the Lewiston Police, rolled down the driver side window completely and the passenger window halfway and placed both hands on top of the steering wheel." Dkt. #1, ¶ 55. PO Trapasso asked for plaintiff's license and registration. Dkt. #1, ¶ 56. Plaintiff repeatedly asked PO Trapasso, as well as PO Ullery, to identify themselves and explain the reason for the stop, but they failed to answer and informed plaintiff: "we don't have to tell you anything." Dkt. #1, ¶¶ 57-60. Plaintiff explained that he did not want to hand over his commercial driver's license without

knowing the identity of the officers or the reason for the request as another officer had previously confiscated his license. Dkt. #1, ¶ 63. PO Trapasso continued to demand plaintiff's license and threatened to arrest plaintiff, at which point plaintiff rolled up his window and displayed his license against the glass. Dkt. #1, ¶¶ 63-64. Plaintiff informed PO Trapasso that he was calling 911 to request supervision and discover the officer's identity, at which point PO Trapasso recited his badge number, but too quickly for plaintiff to understand. Dkt. #1, ¶ 65.

As PO Hall arrived at the scene, "he made an exaggerated display of his gun belt just like the Bad Ass Southern Sheriff's do in the movies, just prior to shooting someone." Dkt. #1 ¶  68. Plaintiff alleges that he was detained "longer than necessary to issue a ticket" and that the ticket was delivered by the officers surrounding plaintiff's car and "performing their well practiced 'Show of Force.'" Dkt. #1, ¶ 71. Plaintiff complains that instead of placing the ticket under the windshield wiper, the officers demanded that plaintiff roll down his window in an effort to further intimidate and harass him. Dkt. #1, ¶ 72. Plaintiff opened his window slightly to accept the ticket after he was threatened with being extracted from the vehicle and taken to the judge. Dk. 31, ¶ 73.

Plaintiff returned the ticket with a plea of not guilty and a request for a supporting deposition. Dkt. #1, ¶ 74. The matter was transferred to the Town of Wheatfield after the judge in Lewiston recused himself. Dkt. #1, ¶  74.

On May 2, 2016, plaintiff filed a Notice of Claim against PO Ullery, PO Trapasso and PO Hall with respect to their interaction with plaintiff on February 7, 2016. Dkt. #1, ¶ 75.

When plaintiff arrived at court in the Town of Wheatfield on May 31, 2016, he was asked to meet with the prosecutor, Assistant District Attorney ("ADA"), David Heim. Dkt. #1, ¶ 76. As ADA Heim escorted plaintiff to his office, plaintiff observed PO Trapasso standing in the doorway of ADA Heim's office. Dkt #1, ¶ 77. Plaintiff explained that the ticket was issued as retaliation by the officers and asked for a dismissal or reduction of the ticket, but plaintiff alleges that ADA Heim "became angry and yelled "Your [sic] taking the 4 points Lilly or your [sic] going to trial." Dkt. #1, ¶ 78. Plaintiff informed ADA Heim that he would appear before the judge and request dismissal. Dkt. #1, ¶ 78.

ADA Heim exited the office first, followed by plaintiff. Dkt. #1, ¶ 79. PO Trapasso was behind plaintiff as the three men walked down the hallway. Dkt. #1, ¶ ¶ 79-80. ADA Heim "abruptly turned around and closed in on plaintiff," coming "within 12 inches" of plaintiff, "making angry incoherent statements like 'your [sic] not going to get away with this.'" Dkt. #1, ¶ 81. Plaintiff alleges: "Although only for a minute plaintiff was seized primarily by Heim." Dkt. #1, ¶ 82. Plaintiff also alleges that ADA Heim falsified a document by falsely reporting on the disposition slip that no plea was entered by plaintiff. Dkt. #1, ¶ 85. ADA Heim also "took the extraordinary step to request the plaintiff[']s drivers license abstract." Dkt. #1, ¶ 84.

As plaintiff prepared for trial, the Town of Lewiston Police Chief attempted to prevent plaintiff from accessing the 911 calls and radio calls relating to the traffic stop. Dkt. #1, ¶ ¶ 86-87.

Plaintiff alleges that the Town of Wheatfield requested a change of venue, which was granted, at which point, "[f]or expedience sake the plaintiff agreed to accept a parking ticket plea, and the speeding ticket was dismissed." Dkt. #1, ¶¶ 88-89.

Plaintiff filed a Notice of Claim against the Town of Wheatfield and ADA Heim on August 26, 2016, claiming that, at approximately 7:00 pm on May 31, 2016, ADA Heim and PO Trapasso "committed acts of retaliation, threats, intimidation and seized citizen Lilly, inside of the Wheatfield Town Hall." Dkt. #2-4.

On April 28, 2018, at approximately 7:00 pm, plaintiff drove past a patrol car, which made a U-turn in the middle of a busy intersection and "chased after plaintiff at a high rate of speed." Dkt. #1, ¶ 93. The patrol car "closely tailgated plaintiff for the entire length of Model City Rd" but stayed far enough away that plaintiff could not obtain a description of the driver or vehicle number. Dkt. #1, ¶ 95.

On September 13, 2016, the Town of Wheatfield issued plaintiff a Notice of 50-H hearing, set for October 21, 2016. Dkt. #2-5. At plaintiff's request, the hearing was adjourned to November 22, 2016 (Dkt. #2-6), and adjourned again at plaintiff's request to December 21, 2016. Dkt. #2-7. A note from plaintiff dated December 2, 2016 states "I will not be in attendance." Dkt. #2-8.

By letter dated January 4, 2017, counsel for the Town of Wheatfield rescheduled the hearing for January 20, 2017 and advised plaintiff that his failure to

appear or reschedule would cause the Town of Wheatfield to consider his claim withdrawn. Dkt. #2-9. A note from plaintiff advises: "Debbie, confirming our phone conversation, I will not be in attendance." Dkt. #2-10. By letter dated February 21, 2017, counsel for the Town of Wheatfield advised that it considered plaintiff's claim withdrawn in light of plaintiff's failure to appear or reschedule the hearing. Dkt. #2-11.

Plaintiff commenced this action by filing his complaint, *pro se*, on February 7, 2019. Dkt. #1. He asserts four causes of action: (1) malicious seizure pursuant to 42 U.S.C. § 1983, in violation of the Fourth and Fourteenth Amendments; (2) police retaliation pursuant to 42 U.S.C. § 1983, in violation of the Fourth and Fourteenth Amendments; (3) retaliation for political activities and complaints about governmental and police activities  pursuant to 42 U.S.C. § 1983, in violation of the First and Fourteenth Amendments; and (4) unlawful seizure without probable cause and with actual malice in violation of federal and state law, including the Sixth Amendment. Dkt. #1.

## DISCUSSION AND ANALYSIS

"Where a Court is asked to rule on a combination of Rule 12 defenses, it will pass on the jurisdictional issues before considering whether a claim is stated in the complaint." *Sunrise Indus. Joint Venture v. Ditric Optics, Inc.,* 873 F. Supp. 765, 769 (E.D.N.Y. 1995).

### Rule 12(b)(1) - Lack of Subject-Matter Jurisdiction

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the district court lacks the

statutory or constitutional power to adjudicate it. *Markarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving such a motion, the Court may refer to evidence outside of the pleadings. *Id*. To defeat a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Id*.

<u>Eleventh Amendment Bar for Official Capacity § 1983 Claims</u>

ADA Heim argues that the Eleventh Amendment bars any civil rights claims against him in his official capacity. Dkt. #2-1, pp.6-7.

The Eleventh Amendment to the United States Constitution divests the federal court of jurisdiction over claims for monetary damages against a state actor acting in his official capacity unless there is a waiver of this immunity by statute or the state consents to suit. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). It is well established that New York has not consented to suit for claims commenced pursuant to 42 U.S.C. § 1983 and that the civil rights statute was not intended to override a state's sovereign immunity. *Mamot v. Board of Regents*, 367 Fed. App'x 191 (2d Cir 2010), *citing Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977) *and Quern v. Jordan*, 440 U.S. 332, 342 (1979).

"When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State" and is "entitled to invoke Eleventh Amendment immunity." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 536 (2d Cir. 1993). Stated another way, if "an assistant district attorney acts as a prosecutor,"

he "is an agent of the State, and therefore immune from suit" in his official capacity. *D'Alessandro v. City of N.Y.*, 713 Fed. App'x 1, 8 (2d Cir. 2017).  As plaintiff's allegations against ADA Heim, *to wit*, declining to dismiss or reduce the traffic ticket, reporting to the court that no plea was entered and reviewing plaintiff's driving history, clearly describe prosecutorial actions, it is recommended that any claims against ADA Heim in his official capacity[1] be dismissed for lack of subject matter jurisdiction.

### Absolute Immunity for Individual Capacity  § 1983 Claims

ADA Heim argues that prosecutorial immunity protects him against the civil rights claims asserted against him in his individual capacity. Dkt. #2-1, pp.5-6.

Plaintiff responds that ADA Heim is not entitled to prosecutorial immunity because he "acted outside the proper function of prosecutor." Dkt. #16, p.1. More specifically, plaintiff argues that ADA Heim falsified court documents by entering "no plea" when plaintiff insisted on entering a "not guilty" plea. Dkt. #16. Plaintiff argues that ADA Heim violated plaintiff's civil rights by seizing him and should not be immune when he attempted to physically obstruct plaintiff from accessing the judge in order to enter a plea of not guilty. Dkt. #16. Plaintiff also argues that ADA Heim "had ill intentions regarding plaintiffs [sic] drivers license abstract." Dkt. #16.

---

[1] As plaintiff has not alleged any factual allegations against the Town of Wheatfield separate from the allegations against its prosecutor, ADA Heim, it is recommended that the Town of Wheatfield be dismissed from this action. See *Rankel v. Somers*, 999 F. Supp.2d 527, 550 (S.D.N.Y. 2014) ("Absent an underlying constitutional violation, a *Monell* claim cannot lie."), *citing Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978); *See also Zahara v. Town of Southold*, 48 F.3d 674, 695 (2d Cir. 1995) (To state a claim for municipal liability, a plaintiff must plausibly allege an official policy or custom that causes the plaintiff to be subjected to the denial of a constitutional right).

"Absolute immunity bars a civil suit against a prosecutor for advocatory conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012), *quoting Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *See Shmueli v. City of N.Y.*, 424 F.3d 231, 236 (2d Cir. 2005) ("It is by now well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983.") (internal quotation omitted). In determining whether absolute prosecutorial immunity attaches, courts apply a functional approach which looks to the function being performed rather than the office or identity of the defendant. *Hill v. City of N.Y.*, 45 F.3d 653, 660 (2d Cir. 1995). Prosecutorial functions shielded by immunity are broadly defined and include "whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present." *Giraldo*, 694 F.3d at 165, *quoting Imbler*, 424 U.S. at 431 n.33. The test is objective; it does not depend upon the state actor's subjective intent. *Hill*, 45 F.3d at 662. The official seeking immunity bears the burden of demonstrating that it applies. *Burns v. Reed*, 500 U.S. 478, 486-87 (1991).

As plaintiff's allegations against ADA Heim, *to wit*, declining to dismiss or reduce the traffic ticket,[2] reporting to the court that no plea was entered and reviewing

---

[2] Plaintiff's allegations that ADA Heim turned toward plaintiff and communicated with plaintiff regarding the prosecution of the traffic ticket in an angry and agitated manner are encompassed within the ambit of advocatory conduct. Dkt. #1, ¶¶ 79-82. In any event, they fail to plausibly support a Fourth Amendment violation as no reasonable person would have believed that he was not free to leave under the circumstances alleged by plaintiff. *See United States v. Mendenhall*, 446 U.S. 544, 543 (1980) ("a person is 'seized' only when, by means of physical force or show of authority, his freedom of movement is restained.").

plaintiff's driving history, clearly describe prosecutorial functions, absolute immunity shields defendant from liability. Accordingly, it is recommended that the complaint be dismissed against ADA Heim in his individual capacity.

## Rule 12(b)(5) - Insufficient Service of Process

Defendants Jeffrey Swick, James Ullery, Daniel Trapasso, Brandon Hall and the Town of Lewiston ("Lewiston defendants"), argue that the complaint should be dismissed because the summons and complaint was not served upon them in accordance with Rule 4. Dkt. #18-7, pp.4-7. More specifically, defendants argue that the individual defendants were not served and service upon the Deputy Town Clerk was not proper service of the Town of Lewiston or the individual defendants in their official capacities. Dkt. #18-7, pp.5-7. Defendants argue that any extension of time to serve defendants would be futile.  Dkt. #18-7, pp.9-28.

Plaintiff requests an extension of time to effect proper service of the complaint, explaining that the process server believed that the Deputy Clerk was the Clerk. Dkt. #25.

Defendants oppose plaintiff's request on the ground that plaintiff has not demonstrated good cause for his failure to properly serve the complaint in a timely fashion and because granting an extension would be futile given that plaintiff's complaint fails to state a plausible cause of action. Dkt. #26.

Rule 12(b)(5) provides "the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Soos v. Niagara Cty.*, 195 F. Supp.3d 458, 463 (W.D.N.Y. 2016). In assessing the sufficiency of service, the Court must look to matters outside of the complaint. *Id.* "When a defendant challenges service of process, the plaintiff bears the burden of proving, through admissible evidence, the adequacy of service. *Corrado v. New York Unified Court Sys.*, 163 F. Supp.3d 1, 13 (E.D.N.Y. 2016), *aff'd,* 698 Fed. App'x 36 (2017). In deciding a motion to dismiss for insufficient service of process, the Court looks to Rule 4. *DeLuca v. Accessit Grp., Inc.*, 695 F. Supp.2d 54, 64 (S.D.N.Y. 2010).

### Town of Lewiston

Rule 4(j) provides that a municipal corporation must be served by delivering a copy of the summons and the complaint to the chief executive officer or by complying with New York law for serving a summons on a municipality. Section 311(a)(5) of New York Civil Practice Law and Rules (NYCPLR"), provides that personal service upon a town shall be made by delivering the summons to the supervisor or clerk. The Clerk of the Town of Lewiston is Donna R. Garfinkel and the Town Supervisor is Steve Broderick. Dkt. #18-6. *See* https://www.townoflewiston.us/town-officials. Plaintiff's proof of service indicates that the summons and complaint for the Town of Lewiston was served upon Linda Kreps on May 3, 2019. Dkt. #14, p.3. Linda Kreps is the Deputy Town Clerk for the Town of Lewiston. Dkt. #18-6. As service of the summons and the complaint upon the Deputy Town Clerk does not satisfy Rule 4(j) or NYCPLR § 311(a)(5), in as much as Ms. Kreps is neither the Town Supervisor or Town Clerk, service upon the Town of Lewiston is insufficient.

-11-

<u>Town of Lewiston Police Officers</u>

Rule 4(e) provides that a person may be served by: (1) delivering a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of the summons and of the complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (3) delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process; or (4) following state law for serving a summons.

The NYCPLR provides for personal service upon a person "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicated on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other." N.Y.C.P.L.R. § 308(2). New York courts have construed "actual place of business" to include a place where the defendant regularly transacts business or an establishment that the defendant owns or operates, where there is a clear identification of the work performed by him within that place of business. *Warshun v. New York Cmty. Bancorp, Inc.*, 957 F. Supp.2d 259, 266 (E.D.N.Y. 2013).

Plaintiff's proof of service indicates that the summons and complaint for the individual Lewiston defendants was served upon Linda Kreps on May 3, 2019. Dkt. #14, pp.4-6 & 8. Because Brandon Hall, James Ullery, Jeffrey Swick[3] and Daniel Trapasso[4] do not work at the Town Clerk's Office, service of the summons and the complaint upon the Deputy Town Clerk for the Town of Lewiston does not satisfy the option of delivery within the state to a person of suitable age and discretion at the defendants' actual place of business. Accordingly, service upon the individual Lewiston defendants is insufficient.

### Good Cause to Extend Deadline for Service

Timeliness of service is governed by Rule 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control. *Jordan v. Forfeiture Support Assocs*., 928 F.

---

[3] In addition, Jeffrey Swick's employment as a police officer with the Town of Lewiston ended on December 30, 2016. Dkt. #18-5, ¶ 2. Plaintiff's complaint recognizes that PO Swick is no longer employed by the Town of Lewiston. Dkt. #1, ¶ 6.

[4] In addition, Daniel Trapasso's employment as a police officer with the Town of Lewiston ended on December 15, 2016. Dkt. #18-5, ¶ 3. Plaintiff's complaint recognizes that PO Trapasso is no longer employed by the Town of Lewiston. Dkt. #1, ¶ 8.

Supp.2d 588, 597 (E.D.N.Y. 2013). "[A] plaintiff's *pro se* status is no excuse for failure

to serve the defendant properly and does not automatically amount to good cause for

failure to serve within the time allotted by Rule 4(m)." *Id.* at 598 (internal quotation

omitted); *See Cassano v. Altshuler*, 186 F.Supp.3d 318, 322 (S.D.N.Y. 2016)

("ignorance or confusion, even in the case of a *pro se* plaintiff, do not constitute good

cause."). Moreover, although the determination of good cause under Rule 4(m) is to be

construed liberally, a mistaken belief that service was proper does not establish good

cause. *Corrado*, 163 F. Supp.3d at 15.

In support of his motion for an extension of time to effect proper service,

plaintiff states that the process server believed the Deputy Clerk was the Clerk. Dkt.

#25, p.1.  As set forth above, however, the Lewiston Town Clerk is clearly identified on

the Town of Lewiston website as Donna Garfinkel. Plaintiff's proof of service clearly

indicates that the summons and complaint for the Town of Lewiston was served upon

Linda Kreps. Moreover, plaintiff does not address his failure to serve the individual

Lewiston defendants. Thus, plaintiff has failed to establish good cause to extend the

time for service.

## Discretion to Extend Time for Service

Even if plaintiff fails to demonstrate good cause, the Court still retains

discretion to extend the time to effect adequate service. *Zapata v. City of N.Y.*, 502 F.3d

192, 196 (2d Cir. 2007), *cert. denied*, 552 U.S. 1243 (2008). Absent "a colorable excuse

for his neglect," the Court of Appeals "will not disturb a district court's dismissal for

untimely service." *Mares v. United States*, 627 Fed. Appx. 21, 24 (2d Cir. 2015).

In deciding whether to grant a discretionary enlargement of the service period, courts consider: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the constraints of the time for service. *Soos*, 195 F. Supp.3d at 467. It is up to the district court to "decide on the facts of each case how to weight the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." *Zapata*, 502 F.3d at 198.

Where the allegations against the defendant fail to state a viable claim, however, an extension of time would be futile and should not be granted. *Hahn v. Office & Prof'l Emps. Int'l Union, AFL-CIO*, 107 F. Supp.3d 379, 382 (S,D,N,Y, 2015); *See Green-Page v. Federal Bur. of Inv*., 20-CV-837, 2021 WL 1857257, at *2 (W.D.N.Y. May 10, 2021). Because the Court determines that plaintiff's claims are subject to dismissal, as discussed below, granting plaintiff a discretionary extension of time to serve the complaint would be futile**.**

### Dismissal Standard

A motion to dismiss brought subsequent to the filing of an answer[5] is considered as a motion for judgment on the pleadings pursuant to Rule 12(c). *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). "Judgment

---

[5] The Lewiston defendants answered plaintiff's complaint on May 29, 2019. Dkt. #10.

on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings." *McAuliffe v. Barnhart*, 571 F. Supp. 2d 400, 402 (W.D.N.Y. 2008). "In deciding a Rule 12(c) motion for judgment on the pleadings, the court should 'apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" *Aboushama v. EMF Corp.*, 214 F. Supp. 3d 202, 205 (W.D.N.Y. 2016), *quoting Mantena v. Johnson*, 809 F.3d 721, 727-28 (2d Cir. 2015).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *See also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

<u>42 U.S.C. § 1983</u>

*Statute of Limitations*

The Lewiston defendants argue that the 2014 and 2015 incidents are barred by the statute of limitations and that PO Swick should be dismissed from this action as he is only alleged to have been involved in the 2015 incident. Dkt. #18-7, pp.10-11.

The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 is three years. *Paige v. Police Dep't of the City of Schenectady*, 121 F. Supp.2d 723, 726 (N.D.N.Y. 2000), *aff'd,* 264 F.3d 197 (2d Cir. 2001). Given that plaintiff filed his complaint on February 7, 2019, his allegations with respect to incidents in 2014 and 2015 are barred by the statute of limitations. As Jeffrey Swick is only alleged to have been involved in the 2015 incident, it is recommended that he be dismissed from this action.

*February 7, 2016 Traffic Stop - Fourth Amendment*

The Lewiston defendants argue that plaintiff has not plausibly alleged that he was seized within the meaning of the Fourth Amendment; that they lacked reasonable suspicion to stop plaintiff; or that the duration of the stop was unreasonable. Dkt. #18-7, pp.13-15. Defendants also argue that any concerns raised by plaintiff as to the duration of the traffic stop were the fault of plaintiff, who concedes that he failed to provide his driver's license, called 911 for a supervisor, and refused to roll down his window to accept the traffic ticket. Dkt. #18-7, pp. 15-16.

The temporary detention of individuals during the stop of an automobile by police, even if only for a brief period and for a limited purpose, constitutes a "seizure" within the meaning of the Fourth Amendment.[6] *Whren v. United States*, 517 U.S. 806, 809-810 (1996). However, "the reasonable suspicion of a traffic violation provides a sufficient basis under the Fourth Amendment for law enforcement officers to make a traffic stop." *United States v. Stewart*, 551 F.3d 187, 193 (2d Cir. 2009); *See also United States v. Wilson*, 699 F.3d 235, 242 (2d Cir. 2012) ("Fourth Amendment requires that an officer making a traffic stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity."). Where, as here, however, plaintiff alleges that he agreed to accept a parking ticket plea in return for dismissal of the speeding ticket, plaintiff cannot claim that reasonable suspicion for the traffic stop was lacking. *See Heim v. Dougherty*, 19-CV-1160, 2020 WL 5659440, at *5 (W.D.N.Y. Aug. 31, 2020) (recommending dismissal of Fourth Amendment claims where plaintiff's complaint admits that plaintiff pled guilty to a parking infraction in satisfaction of all charges arising from arrest for traffic infractions), *R&R adopted,* 2020 WL 5653383 (Sept. 23, 2020). Accordingly, plaintiff's Fourth Amendment claim relating to the February 7, 2016 traffic stop should be dismissed.

---

[6] "Plaintiff has not alleged any basis for a due process claim independent of his Fourth Amendment claim, and it is well-established that the Fourth Amendment 'provides the proper analytical framework' for evaluating an unreasonable seizure claim, not the Fourteenth Amendment." *Lilly v. Town of Lewiston*, 449 F. Supp.3d 190, 203 (W.D.N.Y. 2020).

*February 7, 2016 Traffic Stop - First Amendment Retaliation*

The Lewiston defendants argue that plaintiff fails to plausibly allege that any of the defendants present at the traffic stop were aware of any protected speech. Dkt. #18-7, p.17.

Generally speaking, the First Amendment prohibits government officials from retaliating against individuals for engaging in constitutionally protected speech. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). "To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013). The third element can be satisfied by alleging "*either* that plaintiff's speech has been adversely affected by the government retaliation or that he has suffered some other concrete harm." *Id.* The issuance of traffic tickets is sufficient injury to support a First Amendment claim. *Lilly v. Hall*, 16-CV-242, 2019 WL 275799, at *4 (W.D.N.Y. Jan. 22, 2019).

As to the second element, "[a] plaintiff may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action." *Birch v. City of N.Y.*, 675 Fed. App'x 43, 45 (2d Cir. 2017). In *Lilly v. Hall*, for example, Judge Vilardo determined that plaintiff's allegation that PO Hall informed plaintiff during the course of a traffic stop in March of 2013 that he was aware that the subject of the January 2013 newspaper

articles, New York State Trooper Cullen, had pulled plaintiff over before, along with plaintiff's allegations that PO Hall, PO Grainge and Trooper Ljujanich "discussed how many and what types of tickets" they would issue to plaintiff, agreeing that "[w]e have to teach him not to put us in the newspaper anymore," was sufficient to plausibly plead that plaintiff's First Amendment speech caused PO Hal's alleged retaliation. 16-CV-242, 2019 WL 275799, at *4 (W.D.N.Y. Jan. 22, 2019). In the instant case, however, plaintiff's allegation that PO Ullery was aware of plaintiff's involvement with newspaper articles criticizing police officers in 2013 is far too distant in time to establish a retaliatory motive for PO Ullery to stop plaintiff's vehicle in 2016.

Furthermore, "an individual does not have a right under the First Amendment to be free from a criminal prosecution supported by probable cause, even if that prosecution is in reality an unsuccessful attempt to deter or silence criticism of the government." *Mangino v. Incorporated Vill. of Patchogue*, 808 F.3d 951, 956 (2d Cir. 2015). ""Where there is probable cause to arrest a plaintiff or issue a summons, the Court need not make an inquiry into the defendants' motives for doing so." *Norton v. Town of Islip*, 97 F. Supp.3d 241, 257 (E.D.N.Y. 2015), *aff'd*, 678 Fed. App'x 17 (2d Cir. 2017). In as much as the Court has found that plaintiff's plea to a parking violation in satisfaction of the speeding ticket precludes him from arguing that the traffic stop was not based upon reasonable suspicion, plaintiff cannot question the motivation of PO Ullery and PO Trapasso in stopping his vehicle. As a result, plaintiff's First Amendment retaliation claim related to the February 7, 2016 traffic stop should be dismissed.

*May 31, 2016 Court Proceeding - Fourth Amendment*

PO Trapasso argues that plaintiff fails to allege that he seized plaintiff on May 31, 2016. Dkt. #18-7, pp.16-17.

For Fourth Amendment purposes, "a person is 'seized' only when, by means of physical force or show of authority, his freedom of movement is restained." *Mendenhall*, 446 U.S. at 543. With respect to PO Trapasso's presence in the Town of Wheatfield court on May 31, 2016, plaintiff alleges only that PO Trapasso was standing in the doorway of ADA Heim's office when ADA Heim escorted plaintiff to his office (Dkt. #1, ¶ 77), and subsequently followed plaintiff as he exited the office behind ADA Heim, who "abruptly turned around and closed in on plaintiff, with Trapasso behind plaintiff," prompting plaintiff to believe that "[a]lthough only for a minute plaintiff was seized primarily by Heim." Dkt. #1, ¶ ¶  80 & 82. These allegations are insufficient to plausibly allege a seizure of plaintiff by PO Trapasso.

*May 31, 2016 Court Proceeding - Sixth Amendment*

Plaintiff's fourth cause of action generally alleges that ADA Heim and PO Trapasso seized plaintiff and committed acts of retaliation, threats and intimidation against him while he was inside Wheatfield Town Hall, in violation of his Sixth Amendment rights. Dkt. #1, ¶¶ 131 & 133. Plaintiff also alleges that the Town of Lewiston violated plaintiff's Sixth Amendment rights when Chief Previte refused to provide plaintiff with copies of radio calls and 911 calls relating to the Feburary 7, 2016 stop, which plaintiff wanted to defend himself against the speeding ticket. Dkt. #1, ¶¶ 86 - 87.

The Sixth Amendment to the U.S. Constitution provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

By its terms, the protections of the Sixth Amendment "are explicitly confined to 'criminal prosecutions.'" *Austin v. United States*, 509 U.S. 602, 608 (1993); *See Hannah v. Larche*, 363 U.S. 420, 440 n.16 (1960) ( Sixth Amendment "is specifically limited to 'criminal prosecutions.'"). However, New York's Vehicle & Traffic Law clearly states that "a traffic infraction is not a crime and the punishment imposed therefore shall not be deemed for any purpose a penal or criminal punishment." *Standt v. City of N.Y.*, 153 F. Supp.2d 417, 434 (S.D.N.Y. 2001); *See Azeez v. City of N.Y.*, 790 Fed. App'x 270, 274 (2d Cir. 2019) (dismissing malicious prosecution claim[7] because plaintiff's conviction for running red light cannot demonstrate that "a criminal prosecution has been initiated against him" given that a "traffic infraction is not a crime."); *See also, Yu Juan Sheng v. City of N.Y.*, 2009 WL 6871132, at *6 (E.D.N.Y. 2009) ("Traffic infractions and parking violations are not crimes by definition"), *citing* N.Y. Penal Law § 10.00. As a result, plaintiff cannot plausibly allege a Sixth Amendment cause of action with respect to his claim that he was wrongfully issued a speeding ticket and pled to a parking ticket.

---

[7] Although the complaint does not assert a cause of action for malicious prosecution, the Court notes that plaintiff's general allegations of malicious prosecution could not support such a claim in any event.

-22-

*April 28, 2018 "Show of Force"*

The Lewiston defendants argue that plaintiff has failed to allege personal involvement of any of the individual defendants or specify any injury. Dkt. #18-7, pp.20-21.

It is well settled that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983. *See Smith v. Sawyer*, 435 F. Supp.3d 417, 441 (N.D.N.Y. 2020).  In the instant case, plaintiff has not alleged that any of the defendants in this action were in the patrol car that intentionally "tailgated" plaintiff. Moreover, plaintiff has failed to plausibly allege any constitutional injury that would flow from such allegations.

*Municipal Liability*

The Town of Lewiston argues that plaintiff has failed to plausibly allege that any of the alleged constitutional violations were caused by a policy, custom of practice and, in any event, plaintiff has failed to allege a violation of his constitutional rights by any municipal employees. Dkt. #18-7, pp.25-27.

To state a claim for municipal liability, a plaintiff must plausibly allege an official policy or custom that causes the plaintiff to be subjected to the denial of a constitutional right. *Zahara*, 48 F.3d at 695. Stated another way, "[m]unicipal liability under § 1983 can only be predicated on individual wrongdoing that is carried out in accordance with a municipal policy, custom, or practice. *Lee v. City of Syracuse*, 446 Fed. App'x 319, 322 (2d Cir. 2011), *cert. denied*, 566 U.S. 975 (2012). "Absent an

underlying constitutional violation, a *Monell* claim cannot lie." *Rankel,* 999 F. Supp.2d at 550, *citing Monell*, 436 U.S. at 658.

Given that the Court has determined that plaintiff has failed to plausibly allege a constitutional violation, municipal liability against the Town of Lewiston or its employees in their official capacities is precluded. *See Ortiz v. Wagstaff*, 523 F. Supp.3d 347, 361 (W.D.N.Y. 2021) ("Section 1983 claims against municipal employees sued in their official capacity are treated as claims against the municipality itself."). In any event, plaintiff has failed to allege sufficient facts to infer the existence of a municipal policy or custom. *Lilly v. Town of Lewiston*, 18-CV-2, 2019 WL 2501555, at *6  (W.D.N.Y. June 17, 2019) (vague and conclusory allegations of widespread "show of force" policy insufficient to support municipal liability).

*Conspiracy*

To the extent that plaintiff's complaint intended to plead a conspiracy claim, it is insufficient. *See Thompson v. Kline*, 504 F. Supp.3d 200, 211 (W.D.N.Y. 2020) ("complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss"); *Ivery v. Baldauf*, 284 F. Supp.3d 426, 439 (W.D.N.Y. 2018) (To state a conspiracy claim, plaintiff must provide some factual basis supporting a meeting of the minds by providing, *e.g.*, some details of time and place and facts demonstrating an agreement to achieve the unlawful end). In addition, to the extent that plaintiff's conclusory allegations of conspiracy rest upon unsupportable claims of constitutional

violations, such claims must also be dismissed. *See Milton v. McClintic*, 2022 WL 4852825, at *3 (W.D.N.Y. Oct. 4, 2022) (dismissing conspiracy claim where plaintiff failed to adequately claim underlying constitutional violations).

 *42 U.S.C. § 1985*

 Absent plausible allegations of a conspiracy, plaintiff cannot proceed pursuant to 42 U.S.C. § 1985. *See Kochan v. Kowalski*, 431 F. Supp.3d 130, 139 (W.D.N.Y. 2019) (To state a plausible claim under 42 U.S.C. § 1985(3), "a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."). In addition, plaintiff has failed to allege that the conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus. *Solomon v. City of Rochester*, 449 F. Supp.3d 104, 113 (W.D.N.Y. 2020). A plaintiff claiming discrimination because of his political and philosophical opposition to defendants and outspoken criticism of the defendants' political and governmental attitudes and activities does not constitute a cognizable class under § 1985(3). *Fotopolous v Board of Fire Comm'rs of the Hicksville Fire Dist.,* 11 F. Supp.3d 348, 369 (E.D.N.Y. 2014), *citing Gleason v. McBride*, 869 F.2d 688, 695 (2d Cir. 1989). In the instant case, plaintiff's complaint fails to allege any facts which would suggest either a conspiracy to violate plaintiff's civil rights or an actionable discriminatory animus motivating defendants' conduct.

<u>Common Law Claims</u>

*Supplemental Jurisdiction*

"When all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims." *Baylis v.Marriott Corp*., 843 F.2d 658, 665 (2d Cir. 1988). In the event that the district court disagrees with the recommendation to dismiss plaintiff's federal claims, plaintiff's common law claims should be dismissed as barred by the statute of limitations and plaintiff's failure to comply with New York General Municipal Law § 50-h, as set forth below.

*Statute of Limitations*

The Lewiston defendants argue that plaintiff's common law claims are barred by the statute of limitations and that plaintiff failed to file a timely notice of claim regarding the April 28, 2018 incident. Dkt. #18-7, pp.9-10. The Town of Wheatfield and ADA Heim also argue that plaintiff's common law claims are barred by the statute of limitations provided under New York General Municipal Law. Dkt. #2-1, pp.2-3 & 4.

"State claims brought under state law in federal court are subject to state procedural rules." *Coggins v. County of Nassau*, 988 F. Supp.2d 231, 250 (E.D.N.Y. 2013). Thus, federal courts entertaining state-law claims against municipalities are obligated to apply state notice of claim statutes, which are construed strictly by New York state courts. *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). New York General Municipal Law § 50-i(1) provides that no action shall be

prosecuted or maintained against a town for personal injury alleged to have been sustained by reason of the negligence or wrongful act of such town, or any officer, agent or employee thereof, unless a notice of claim has been made and served upon the town in compliance with New York General Municipal Law § 50-e, at least 30 days have elapsed since the service of such notice . . . and that adjustment or payment of the notice of claim has been neglected or refused, and the action shall be commenced within one year and ninety days after the happening of the event upon which the claim is based. "'Personal injury' includes libel, slander and malicious prosecution; also an assault, battery, false imprisonment, or other actionable injury." New York General Const. Law § 37-a.

As plaintiff's complaint was filed on February 7, 2019, any common law claim that accrued prior to November 9, 2017 is untimely. Thus, any common law claims relating to the February 7, 2016 traffic stop or the May 31, 2016 court date are barred by the statute of limitations. *See Conte v. County of Nassau*, 596 Fed App'x 1, 5 (2d Cir. 2014) ("New York courts have held that the one-year-and-ninety-day statute of limitations applies to claims not only against municipalities themselves, but also against 'any officer, agent, or employee thereof' . . . if the municipality is required to indemnify the defendant" because the employee was acting within the scope of his employment in committing the alleged tortious acts). Although the April 28, 2018 incident falls within the statute of limitations, plaintiff does not allege that he filed a Notice of Claim with respect to this incident. Accordingly, it is recommended that any state law claims be dismissed with prejudice as barred by the statute of limitations.

<u>Failure to Appear at § 50-h hearing for Common Law Claims</u>

The Town of Wheatfield also argues that plaintiff failed to submit to a hearing pursuant to General Municipal Law § 50-h, which is a prerequisite to commencing suit against a municipality. Dkt. #2-1, p.5.

New York General Municipal Law § 50-h(1) provides: "Wherever a notice of claim is filed against a . . . town . . . the . . . town shall have the right to demand an examination of the claimant relative to the occurrence and the extent of the injuries or damages for which claim is made, which examination shall be upon oral questions unless the parties otherwise stipulate." General Municipal Law § 50-h(5) provides:

> Where a demand for examination has been served . . . no action shall be commenced against the . . . town . . . against which the claim is made unless the claimant had duly complied with such demand for examination. . . . If such examination is not conducted within ninety days of service of the demand, the claimant may commence the action. The action, however, may not be commenced until compliance with the demand for examination if the claimant fails to appear at the hearing or requests and adjournment or postponement beyond the ninety day period.

As plaintiff failed to comply with the Town of Wheatfield's Notice of 50-H hearing despite being afforded multiple opportunities to do so, and the action is now barred by the statute of limitations, the state law claims be should be dismissed against the Town of Wheatfield on this ground as well. *See Fernandez v. City of N.Y.,* 457 F. Supp.3d 364, 397 (S.D.N.Y. 2020) (Given the strict construction applicable to § 50-h hearing requirements, plaintiff's explanation as to why he did not appear is irrelevant); *Maggio v.Palmer*, 810 F. Supp. 50, 51 (E.D.N.Y. 1993) (dismissing state claims for failure to appear at 50-h hearing prior to commencement of complaint).

**CONCLUSION**

For the foregoing reasons, it is recommended that defendants' motions to dismiss (Dkt. ##2 & 18), be granted and plaintiff's motion for an extension of time to effect proper service (Dkt. #25), be denied.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985);  *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
            **March 22, 2023**

<u>_s/ H. Kenneth Schroeder, Jr._</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

-30-