UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDWARD M. LILLY,

    Plaintiff,

v.

JEFFREY SWICK, JAMES ULLERY,
DANIEL TRAPASSO, BRANDON M.
HALL, TOWN OF LEWISTON, DAVID
M. HEIM, and TOWN OF
WHEATFIELD,

    Defendants.

19-CV-176 (JLS) (HKS)

---

## DECISION AND ORDER

Edward M. Lilly, proceeding *pro se*, commenced this action on February 7, 2019, asserting the following claims under 42 U.S.C. § 1983 and state law: (1) "malicious seizure" and (2) "police retaliation" in violation of the Fourth and Fourteenth Amendments; (3) retaliation in violation of the First and Fourteenth Amendments; and (4) unlawful seizure without probable cause and with actual malice in violation of federal and state law. Dkt. 1. On July 9, 2019, this Court[1] referred the case to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 19.

---

[1] This case was originally assigned to Judge Lawrence J. Vilardo, who entered the referral. The case was subsequently reassigned to the undersigned. Dkt. 27.

Presently before the Court is Judge Schroeder's March 22, 2023 Report and Recommendation ("R&R") recommending that this Court grant Defendants' motions to dismiss (Dkts. 2, 18) and deny Plaintiff's motion for an extension of time to effect proper service (Dkt. 25). *See generally* Dkt. 29. The R&R further stated that normally, when all bases for federal jurisdiction are eliminated from a case, the federal court should ordinarily dismiss any pendent state claims. *Id.* at 26. The R&R proceeded to review the common law state claims and conclude, in the alternative, that they should be dismissed, with prejudice, as barred by the statue of limitations and for Plaintiff's failure to comply with New York General Municipal Law § 50-h. *Id.* at 26-28.

On April 5, 2023, Defendants Swick, Ullery, Trapasso, Hall, and the Town of Lewiston (collectively "Lewiston Defendants") filed a limited objection to the R&R. Dkt. 30. This objection addresses a situation in which the Court elects to dismiss all of the federal claims but declines to exercise supplemental jurisdiction over the state law claims. *Id.* at 3-4. Instead, the Lewiston Defendants request that the Court accept the R&R—thereby dismissing the federal claims—and retain supplemental jurisdiction over Plaintiff's state law claims and dismiss them with prejudice. *Id.* Lilly did not file a response to this objection.

The Court has reviewed Judge Schroeder's R&R, the objections, and the relevant record. Based on this review, and the lack of objections, Court accepts and adopts Judge Schroeder's recommendations to grant Defendants' motions to dismiss and to deny Plaintiff's motion for an extension of time to effect proper service. As

for Defendants' limited objections, for the following reasons, and consistent with the R&R, this Court declines to exercise supplemental jurisdiction over the state law claims.

## DISCUSSION

When a federal court dismisses federal claims, the court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). *Shepherd v. Nandalawaya*, 613 F. Supp. 3d 703, 710 (W.D.N.Y. 2020); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S.Ct. 1862, 173 L.Ed.2d 843 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). "Courts 'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise supplemental jurisdiction.'" *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). As one court noted, "[o]nce all federal claims have been dismissed, the balance of factors will 'usual[ly]' point toward a declination." *Id.* (citation omitted); *see also Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.").

This Court is mindful of the logic of Defendants' argument regarding supplemental jurisdiction—nevertheless, this case appears to be the "'usual case in

3

which all federal-law claims are eliminated before trial' such that 'the balance of factors to be considered . . . judicial economy, convenience, fairness, and comity . . . will point towards declining to exercise jurisdiction over the remaining state-law claims.'" *TPTCC NY, Inc. v. Radiation Therapy Servs., Inc.*, 453 F. App'x 105, 107 (2d Cir. 2011) (quoting *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006)). As the Second Circuit has repeatedly stated, "if a plaintiff's federal claims are dismissed before trial, the state-law claims should be dismissed as well." *Oneida Indian Nation of N.Y. v. Madison Cty.*, 665 F.3d 408, 437 (2d Cir. 2011) (quoting *Brzak*, 597 F.3d at 113-14). This is particularly so where—as in this case—a plaintiff's "federal-law claims were eliminated on a motion to dismiss, prior to the investment of significant judicial resources," and the court can "discern no extraordinary inconvenience or inequity occasioned by permitted the claims to be refiled in state court." *Kolari*, 455 F.3d at 123.

This case is in early stages. This is not a situation where the Court, approaching trial, dismisses the federal claims. Accordingly, the objections are overruled, and this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. The state law claims are dismissed without prejudice.

4

## CONCLUSION

For the reasons stated above and in the R&R, Defendants' motions to dismiss (Dkts. 2, 18) are GRANTED; and Plaintiff's motion for an extension of time to effect proper service (Dkt. 25) is DENIED. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and, as such, those claims are dismissed without prejudice to them being asserted in state court.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:   May 18, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE